UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

In Re:

    B.L.E., Inc.,
        Debtor.

STIPULATION AND ORDER
RE: DOC ENTRY NO. 145

Case No. 19-51059-JAM
Chapter 11

PNC Equipment Finance, LLC
        Movant,

-vs-

B.L.E., Inc.
        Debtor.

WHEREAS, the Debtor, B.L.E., Inc., filed a Chapter 11 bankruptcy proceeding on August 7, 2019; and

WHEREAS, PNC Equipment Finance, LLC ("PNC"), holds a perfected security interest in One (1) Case SR240 2015 Case Rubber Tired Skidsteer, S/N-NFM405739 with a Loan and Security Agreement, Loan No. 141873 and Two (2) Kubota BX2370V Track Loaders, SN's 38267 and 51808 with a Loan and Security Agreement, Loan No. 143115 (hereinafter the "Collateral"); and

WHEREAS, on or about December 18, 2019 PNC filed a Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. Section 362(d)(1) and (d)(2), based upon default in payment to PNC and other allegations made therein; and

WHEREAS, the parties have agreed to enter into a Stipulated Order which settles and resolves the issues raised the motion and objection; and

NOW THEREFORE, upon all pleadings and proceedings heretofore had herein, the parties stipulate to the following:

1. That the Debtor shall commence monthly adequate protection payments in the amount of $400.00 (Loan No. 141873) and $350.00 (Loan No. 143115) each to PNC commencing on January 25, 2020 and continuing on the 25th of each month thereafter until entry of an order of confirmation of Debtor's plan ("Adequate Protection Payment"), or pursuant to a further stipulation of the parties as approved by this Court.

2. The Debtor shall keep the Collateral in good and reasonable condition, shall perform regular maintenance on same in accordance with the subject loan documents and, in any event, in accordance with commercially reasonable maintenance standards for the Collateral, and shall allow representatives of PNC to inspect the Collateral on reasonable notice.

3. (a) The occurrence of any one or more of the following events shall constitute an "<u>Event of Default</u>" under this Stipulation and Order:

   (i) The Debtor fails to pay when due any Adequate Protection Payment to PNC as required by this Stipulation and Order and such payment failure is not cured within 15 calendar days after PNC (or its counsel) sends written notice of such failure in accordance with paragraph 5 below;

   (ii) The Debtor fails to obtain and/or maintain insurance in an amount necessary to fully insure the Collateral;

   (iii) The entry of an order converting this Bankruptcy Case to a case under Chapter 7 of the Bankruptcy Code;

    (iv) The termination, expiration, lapse or reduction of insurance coverage on the Collateral;

    (v) The Debtor fails to comply with any term or provision of this Stipulation and Order and such failure is not cured within 15 calendar days after PNC (or its counsel) sends written notice of such failure in accordance with paragraph 5 below.

4. The parties agree that, if the Debtor fails to make any of the said payments as aforesaid, Movant shall be entitled to have its Motion for Relief from Stay granted by the court, on the following terms and conditions: Movant, shall file with the Court an affidavit asserting and specifying the non-compliance with the terms and conditions of this stipulation. Notice to Debtor's counsel shall be by way of the Court's electronic filing system and by e-mail to the Debtor's Counsel.

5. In the event that the Debtor does not object to said affidavit by filing a counter affidavit with the Court within seven (7) days of the filing of the affidavit, the Court may enter the order filed by Movant, granting the Motion for Relief from stay regarding the above-referenced vehicles without the necessity of a hearing. Any such affidavit shall be limited to the specific issue of noncompliance asserted in Movant's affidavit.

6. If the Debtor files a counter affidavit within seven (7) days of the filing of Movant's Affidavit, the court may grant a hearing to determine whether the court may grant Movant's relief from stay to proceed to enforce its rights in the security interests as outlined in Movant's Motion for Relief from Stay.

7. PNC retains all rights and remedies against the Debtor, any affiliated or other debtor in bankruptcy, and any non-Debtor parties obligated to PNC for any reason whatsoever (including, without limitation, any non-Debtor guarantors of the

Debtor's obligations under the subject loan documents) and with regard to PNC's interests in the Collateral, including, without limitation, PNC's rights to file or amend any claims it has or may have against the Debtor (including, without limitation, any administrative claims), to seek additional adequate protection, to seek dismissal or conversion of the Debtor's case, to seek the appointment of a trustee or examiner, to object to any plan of reorganization filed in this Bankruptcy Case or any other filing or motion in this Bankruptcy Case, to seek allowance of any claim permitted under Bankruptcy Code § 503(b), and to take such other actions as PNC may deem appropriate under the circumstances. Any forbearance or failure by PNC to exercise any right, remedy, or power under this Stipulation and Order shall not preclude the further or subsequent exercise thereof, and every right, power, and remedy of PNC shall continue in full force and effect until such right, power, or remedy is specifically waived or modified in a writing duly executed by a duly authorized representative of PNC.

8. To be effective, notice of the Event of Default set forth above in paragraph 3(a) shall be sent to the Debtor's counsel, James M. Nugent, Esq. of Harlow, Adams & Freidman, P.C., via overnight mail to One New Haven Avenue, Milford, Connecticut 06460, and to Debtor, B.L.E., Inc., via overnight mail to 3 Mallory Hill Road, Ridgefield, Connecticut 06877, and shall be effective when sent.

DATED: December 30, 2019

/s/ Richard C. Feldman
Richard C. Feldman, Esq.
Evans, Feldman & Associates, LLC
261 Bradley Street, Box 1694
New Haven, CT 06507
Telephone: (203) 772-4900
Email: rcfeldman@efanda-law.com

DATED: December 30, 2019

/s/ James M. Nugent
James M. Nugent, Esq.
Harlow, Adams & Friedman, P.C.
One New Haven Avenue, Suite 100
Milford, CT 06460
Telephone: (203) 878-0661
Email: jmn@quidproquo.com

**IT IS SO ORDERED** at Bridgeport, Connecticut this 3rd day of January, 2020.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut